IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL P. SMITH,

    Petitioner,

    v.

WARDEN, ROSS CORRECTIONAL
INSTITUTION,

    Respondent.

Case No. 2:14-cv-02018
Judge Marbley
Magistrate Judge King

## ORDER

On November 16, 2015, the Magistrate Judge recommended that this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. *Report and Recommendation* (ECF No. 16). Petitioner objects to that recommendation. *Objection* (ECF No. 19). For the reasons that follow, Petitioner's *Objection* is **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner was convicted, following a jury trial in the Guernsey County Court of Common Pleas, of murder, with specifications, and attempted murder, with a specification, grand theft, and having a weapon under a disability. He argues in this habeas corpus action that he was denied a fair trial by the admission into evidence of photographs and testimony by a law enforcement officer regarding a re-enactment of the shooting using a laser beam. Petitioner specifically argues that the officer was not qualified to engage in crime scene re-enactments using laser sight technology, and that no reasonable trial court could accept the use of laser sight technology for the purpose of crime scene re-enactments. In recommending dismissal of the claim, the Magistrate Judge reasoned that *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), upon which Petitioner bases his habeas claim, did not set a constitutional standard, and that the trial court's evidentiary ruling did not contravene or unreasonably apply

federal constitutional law as determined by the United States Supreme Court. *Report and Recommendation*. *See* 28 U.S.C. § 2254(d)(1).

Petitioner argues that, because Ohio courts refer to *Daubert* in determining the admissibility of scientific evidence, an unreasonable application of *Daubert* may constitute a basis for federal habeas corpus relief. He insists that the admission of the challenged evidence at his trial violated *Daubert* and therefore resulted in the denial of his right to due process.

This Court agrees with the Magistrate Judge that the issue of the admissibility of the challenged evidence involves state evidentiary rules and rulings. The fact that the state courts considered *Daubert* in resolving the issue, or that Petitioner claims prejudice by virtue of the admission of the evidence, does not mean that he is necessarily entitled to federal habeas corpus relief. As discussed by the Magistrate Judge, *Daubert* concerns the Federal Rules of Evidence and does not apply to the states. *See Adams v. Bradshaw*, 484 F.Supp.2d 753, 790 (N.D. Ohio April 24, 2007)(citing *Norris v. Schotten*, 146 F.3d 314, 335 (6th Cir. 1998)).

This Court also agrees with the Magistrate Judge that Petitioner has failed to establish that he is entitled to relief under the standard of 28 U.S.C. § 2254(d). Further, the record does not establish that the admission of the challenged evidence deprived Petitioner of a constitutionally fair trial so as to warrant federal habeas corpus relief.

Petitioner's *Objection (*ECF No. 19) is **OVERRULED.** The *Report and Recommendation* (ECF No. 16) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this action.

                                                  s/Algenon L. Marbley
                                                  ALGENON L. MARBLEY
                                                  United States District Judge